```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11-24-20

COVINGTON SPECIALTY INSURANCE COMPANY,

        Plaintiff,

- against -

NY COMMISSARY, INC., 327 WEST 36TH ST., LLC, M. FRUCHT REAL ESTATE SERVICE, INC., ELHADJ MODOU SAKHO, and MANHATTAN COMMISSARY, INC.,

        Defendants.

18-cv-10078 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

    For reasons stated at the conference held today, the plaintiff's motion for summary judgment is **granted** with respect to plaintiff's duty to indemnify NY Commissary as alleged in Count One of the amended complaint, but **denied** with respect to its duty to indemnify NY Commissary as alleged in Count Three. The Clerk is directed to close Dkt. No. 91. Accordingly, Covington's motion for default judgment against NY Commissary (Dkt. Nos. 121-123) is denied without prejudice.

    Separately, the plaintiff has moved for default judgment against defendant Manhattan Commissary. (Dkt. No. 89) The Clerk of the Court issued a Certificate of Default as to defendant Manhattan Commissary on July 17, 2020 (Dkt. No. 90), and by the Order issued by the Court on July 21, 2020, Manhattan Commissary had until July 31, 2020 to show cause why a default should not

be entered against it (Dkt. No. 98), and that order was served on Manhattan Commissary on July 23, 2020 (Dkt. No. 99). Manhattan Commissary failed to respond to the Order to Show Cause. Accordingly, the plaintiff is entitled to judgment against Manhattan Commissary and the Court will conduct an inquest on the appropriate judgment to be entered. No later than 30 days after entry of this Order, the plaintiff shall file Proposed Findings of Fact and Conclusions of Law to support the judgment it seeks from the Court. The plaintiff shall serve a complete copy of its filing and a copy of this Order on the defendant. The defendant shall file a response, if any, no later than 30 days after service. The Court may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). Any party seeking an evidentiary hearing must set forth reasons why the inquest should not be based upon the written submissions alone and include a description of what witnesses would be called to testify and the nature of the evidence that would be submitted.

**SO ORDERED.**

Dated:   New York, New York
         November 24, 2020

                                    _____
                                    John G. Koeltl
                                    United States District Judge