UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
COVINGTON SPECIALTY INSURANCE COMPANY,

                              Plaintiff,

  - against -

NY COMMISSARY, INC., 327 WEST 36TH ST., LLC,
M. FRUCHT REAL ESTATE SERVICE, INC.,
ELHADJ MODOU SAKHO, MAJOR ELEVATOR
CORP., MAJOR ELEVATOR GROUP, INC. and
MANHATTAN COMMISSARY, INC.,

                              Defendants.
---------------------------------------------------------------X

Civil No. 1:18-CV-10078-JGK

**DEFAULT JUDGMENT**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-21

      This action having been commenced on November 1, 2018 by the filing of the Summons and Complaint, and an Amended Complaint naming defendant Manhattan Commissary, Inc. ("Manhattan Commissary"), having been filed with leave of the Court on January 29, 2020, and served with the Amended Summons on Manhattan Commissary via the New York Secretary of State on February 7, 2020, and a proof of such service having been filed with the Court on February 12, 2020, and said defendant not having answered the Complaint, and the time for answering the Complaint having expired; it is

      ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against Manhattan Commissary, declaring that:

          a. Pursuant to the sub-lease agreement dated August 1, 2012, between NY Commissary, Inc. and Manhattan Commissary, pertaining to the premises at 327 West 36th Street, New York, New York, Manhattan Commissary is

obligated to insure, defend, and indemnify NY Commissary for claims arising out of Manhattan Commissary's occupancy of the demised premises;

b. As the sub-tenant of NY Commissary and as the employer of Elhadj Modou Sakho at the time of his alleged injury at said premises as alleged in underlying litigation captioned *Elhadj Modou Sakho v. 327 West 36th Street, LLC. v. NY Commissary, Inc.*, Index Number 506941/2018, in the Supreme Court of the State of New York, County of Kings (the "Underlying Action"), Manhattan Commissary is obligated to defend and indemnify NY Commissary for the Underlying Action to the extent allowed under the sub-lease and the common law of the State of New York;

c. Covington provided a defense for NY Commissary in the Underlying Action, incurring defense costs of $48,527.20, although Manhattan Commissary was obligated to provide such defense as NY Commissary's sub-tenant and as the employer of Elhadj Modou Sakho;

d. Accordingly, Covington is hereby awarded judgment against Manhattan Commissary in the amount of $48,527.20, together with post-judgment interest thereon at the statutory rate until paid.

Dated: New York, New York

5/10/21

_____
U.S.D.J.

This document was entered on the docket on

_____.

The Court certifies pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and this judgment should be entered. So ordered.

John G. Koeltl / U.S.D.J.
5/10/21

2